JS-6
LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-09484 BRO (GJS) | Date | February 22, 2017 |
|---|---|---|---|
| Title | ANDRES SALAZAR V. CLOUGHERTY PACKING, LLC ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS)

### ORDER RE PLAINTIFF'S MOTION TO REMAND [9], DEFENDANTS' MOTION TO DISMISS [10], AND PLAINTIFF'S MOTION FOR RELIEF FROM LOCAL RULE 23-3 [11]

## I.     INTRODUCTION

Pending before the Court are: (1) Plaintiff Andres Salazar's ("Plaintiff") Motion to Remand Action to State Court, (*see* Dkt. No. 9 (hereinafter, "Motion" or "Mot.")); (2) Plaintiff's Motion for Relief from Local Rule 23-3, (*see* Dkt. No. 11); and, (3) Defendants' Motion to Dismiss First Amended Complaint, (*see* Dkt. No. 10). After considering the papers filed in support of and in opposition to the instant motions, the Court deems these matters appropriate for resolution without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, (1) Plaintiff's Motion to Remand is **GRANTED**, while (2) Plaintiff's Motion for Relief from Local Rule 23-3, and Defendants' Motion to Dismiss are **DENIED as moot**.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff worked for Clougherty Packing, LLC dba Farmer John and Hormel Foods Corporation (collectively, "Defendants"). (*See* Dkt. No. 1-2, Ex. B (hereinafter, "FAC") ¶ 1.) Plaintiff is represented by the United Food and Commercial Workers Union Local 770. (*See* Dkt. No. 12 (hereinafter, "Opp'n") at 1.) The United Food and Commercial Workers Union Local 770 maintained a collective bargaining agreement with Defendants ("Parties' CBA") that governed the terms of Plaintiff's employment. (Opp'n at 1.) Article 9 of the Parties' CBA details employees' entitlement to and the duration of meal periods and rest breaks. (*See* Opp'n at 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-09484 BRO (GJS) | Date | February 22, 2017 |
|---|---|---|---|
| Title | ANDRES SALAZAR V. CLOUGHERTY PACKING, LLC ET AL. | | |

On June 1, 2016, Plaintiff filed a class action complaint in Los Angeles Superior Court, alleging eight causes of action. (*See* Dkt. No. 1-2.) The eight causes of action include: (1) failure to pay minimum wages; (2) failure to pay overtime wages; (3) failure to provide meal periods or compensation in lieu thereof; (4) failure to authorize or permit rest breaks or provide compensation in lieu thereof; (5) failure to provide accurate itemized wage statements; (6) failure to pay all wages due upon separation of employment; (7) violation of Business and Professions Code §§ 17200, *et seq.*; and, (8) enforcement of the Private Attorney General Act of 2004, Cal. Labor Code § 2698 *et seq.* ("PAGA"). (*See id.*) While in state court, Plaintiff filed a First Amended Complaint ("FAC") on July 20, 2016 that contained the same eight causes of action. (*See* FAC.)

Pursuant to the state court's order, the parties filed a Joint Initial Status Conference Response Statement. (*See* Dkt. No. 1-1, Ex. 1.) In that filing, Plaintiff alleged that "Defendants maintained facially illegal meal and rest break policies and applied those policies to all non-exempt employees." (*Id.* at 3.) Because Plaintiff attacked the Parties' CBA, Defendants believe that Plaintiff's argument created a basis for federal subject-matter jurisdiction under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (Opp'n at 3–5). Section 301 of the LMRA creates federal jurisdiction in "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C. § 185(a).

Based on this perceived federal jurisdiction, Defendants filed a Notice of Removal on December 22, 2016 invoking the Court's jurisdiction pursuant to 28 U.S.C. § 1331. (Dkt. No. 1-1.) On January 20, 2017, Plaintiff filed the instant Motion seeking to remand the case to state court. (*See* Mot.) On January 23, 2017, Defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint. (*See* Dkt. No. 10.) Then, on January 27, 2017, Plaintiff filed a Motion for Relief from Local Rule 23-3. (*See* Dkt. No. 11.) Defendants filed their Opposition to Plaintiff's Motion to Remand on February 6, 2017. (*See* Opp'n.) Also on February 6, 2017, the parties stipulated to permit Plaintiff to amend the FAC. (*See* Dkt. Nos. 14, 15.) Accordingly, Plaintiff filed his Second Amended Complaint on February 8, 2017. (Dkt. No. 16 ("SAC").) Finally, on February 10, 2017, Plaintiff replied in support of his Motion to Remand. (*See* Dkt. No. 17 (hereinafter, "Reply").)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-09484 BRO (GJS) | Date | February 22, 2017 |
|---|---|---|---|
| Title | ANDRES SALAZAR V. CLOUGHERTY PACKING, LLC ET AL. | | |

## III. LEGAL STANDARD

Federal courts are of limited jurisdiction and possess only that jurisdiction which is authorized by either the Constitution or federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1331, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a plaintiff's "well-pleaded complaint[1] establishes either that federal law creates the cause of action" or that the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983). 28 U.S.C. § 1441(a) provides that a civil action may be removed to the district court only if the district court has original jurisdiction over the issues alleged in the state court complaint.

In determining whether removal in a given case is proper, a court should "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* The removing party, therefore, bears a heavy burden to rebut the presumption against removal. *See id.* "[T]he court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus*, 980 F.2d at 566).

---

[1] As a general rule, courts deciding motions to remand look to the plaintiff's operative complaint at the time of removal because "removal is permissible only where original jurisdiction exists at the time of removal." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) (quoting *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 118 (1998)). Here, Defendant removed the Action on December 22, 2016. (*See* Removal.) Thereafter, on the parties stipulated to permit Plaintiff to amend the First Amended Complaint, (*see* Dkt. No. 14), and Plaintiff filed the Second Amended Complaint on February 8, 2017, (*see* Dkt. No. 16). In accordance with the general rule, the Court will consider the First Amended Complaint, the operative complaint at the time of Defendants' Removal, to determine whether the Court has original jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-09484 BRO (GJS) | Date | February 22, 2017 |
|---|---|---|---|
| Title | ANDRES SALAZAR V. CLOUGHERTY PACKING, LLC ET AL. | | |

### IV. DISCUSSION

#### A. Motion to Remand

As stated above, the Court has jurisdiction to adjudicate this dispute only if the case depends on federal law. 28 U.S.C. § 1331. Plaintiff claims that the Court lacks jurisdiction over this suit and requests that the Court remand the proceeding to state court. (*See* Mot. at 1.) Defendants contend that the Court has jurisdiction over this action because Plaintiff's claims are based on § 301 of the LMRA. (Opp'n at 1.)

Section 301 of the LMRA states:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). The Supreme Court has explained that § 301 preempts any state law cause of action for breach of contract between an employer and a labor organization. *Franchise Tax Bd.*, 463 U.S. at 23. "Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301." *Id.* Irrespective of whether the plaintiff alleged a breach of contract in the complaint, a plaintiff's claim is preempted by the LMRA if the claim "is either grounded in the provisions of the labor contract or requires interpretation of it." *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007) (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 208–13 (1985)). Thus, the Court has jurisdiction if Plaintiff's state law claims are preempted by the LMRA.

The Ninth Circuit in *Burnside* articulated a two-part test to determine whether § 301 of the LMRA preempts a plaintiff's claim. *Id.* Courts must first determine whether the cause of action is based on state law or a CBA. *Id.* If the cause of action is based on

Case 2:16-cv-09484-BRO-GJS Document 20 Filed 02/22/17 Page 5 of 11 Page ID #:411

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-09484 BRO (GJS) | Date | February 22, 2017 |
|---|---|---|---|
| Title | ANDRES SALAZAR V. CLOUGHERTY PACKING, LLC ET AL. | | |

the CBA, the claim is preempted. *Id.* However, if the cause of action's source is state law, the court must ask whether the claim depends on an analysis of the CBA.[2] *Id.*

### 1. Whether Plaintiff's Claims Are Based on State Law or the Parties' CBA

In determining whether § 301 preempts state law, courts must first consider "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a [collective bargaining agreement]. If the right exists solely as a result of the [collective bargaining agreement], then the claim is preempted." *Burnside,* 491 F.3d at 1059. To determine whether a right is independent of a collective bargaining agreement, a court considers "the *legal* character of a claim, as 'independent' of rights under the collective-bargaining agreement [and] not whether a grievance arising from 'precisely the same set of facts' could be pursued." *Id.* (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994)). Section 301 only preempts claims that are "founded directly on rights created by collective-bargaining agreements." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987).

Plaintiff's claims are based upon state law. California Labor Code § 512(a) states:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than

---

[2] The Ninth Circuit recently addressed LMRA preemption in *Ala. Airlines Inc. v. Schurke*, No. 13-35574, 2017 WL 360557 (9th Cir. Jan. 25, 2017). The court employed a three-step process where the third step asks "whether the state has shown an intent not to allow its prohibition to be altered or removed by private contract." *Id.* at *7 (citing *Miller v. AT&T Network Sys.*, 850 F.2d 543, 548 (9th Cir. 1988)). The *Miller* court noted that courts typically only reach the first two parts. *Id.* Several recent Ninth Circuit rulings with respect to LMRA preemption have used the two-part test. *See, e.g., Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1033 (9th Cir. 2016); *Matson v. United Parcel Service, Inc.*, 840 F.3d 1126 (9th Cir. 2016); *Estrada v. Kaiser Found. Hosps.*, No. 15-15133, 2017 WL 431463, at *1 (9th Cir. Feb. 1, 2017). Accordingly, the Court will use the two-part test.

Case 2:16-cv-09484-BRO-GJS Document 20 Filed 02/22/17 Page 6 of 11 Page ID #:412

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 16-09484 BRO (GJS)** | Date | February 22, 2017 |
|---|---|---|---|
| Title | **ANDRES SALAZAR V. CLOUGHERTY PACKING, LLC ET AL.** | | |

> 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

California labor Code § 512(a).  Also relevant to the instant litigation is subsection (b), which reads: "[n]otwithstanding subdivision (a), the Industrial Welfare Commission may adopt a working condition order permitting a meal period to commence after six hours of work if the commission determines that the order is consistent with the health and welfare of the affected employees."  California Labor Code § 512(b).  In addition, California Labor Code § 226.7 and Industrial Welfare Commission Wage Order § 11 obligate employers to abide by similar requirements.

Defendants argue that Plaintiff's meal and rest break claims are preempted because they are based on the Parties' CBA .[3]  (Opp'n at 5–6.)  Specifically, Defendants claim that Plaintiff asserted a facial attack on the Parties' CBA "for the first time" in the Joint Initial Status Conference Statement filed in state court before the case was removed to federal court.  (Opp'n at 3.)  Defendants' argument is analogous to the argument made by the defendants in *Valles v. Ivy Hill Corp.*, 410 F.3d 1071 (9th Cir. 2005).  In *Valles*, the defendants argued that "workers covered by collective bargaining agreements are not covered by the state law right to meal periods and penalties and that their claim must therefore be based on the collective bargaining agreement."  *Id.* at 1080.  After discussing the statutes' legislative history, the Ninth Circuit rejected this argument, holding that "the [statutory] right to meal periods and penalties *does* apply . . . to workers covered by collective bargaining agreements."  *Id.* (emphasis added).  The court also held that "the substantive provisions mandating meal periods . . . could not 'in any way be contravened or set aside by a private agreement.'"  *Id.* at 1081 (quoting Cal. Labor Code §§ 219, 226.7).

Further, courts in this district have held that meal period and rest break claims pursuant to California Labor Code § 512 are state law claims that exist independently of

---

[3] Because Defendant only argues that Plaintiff's meal and rest break claims are governed by the Parties' CBA, the Court will not address the other causes of action.  Defendant does not differentiate between the meal and rest break claims; nor will the Court.  *See Castillo v. Long Beach Mem'l Med. Ctr.*, 132 F. Supp. 3d 1194 (C.D. Cal. 2015) (analyzing collectively a plaintiff's six state law causes of action based on alleged violations of the California Labor Code).

Case 2:16-cv-09484-BRO-GJS Document 20 Filed 02/22/17 Page 7 of 11 Page ID #:413

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 16-09484 BRO (GJS)** | Date | February 22, 2017 |
|---|---|---|---|
| Title | **ANDRES SALAZAR V. CLOUGHERTY PACKING, LLC ET AL.** | | |

the collective bargaining agreement. *See Castillo*, 132 F. Supp. 3d at 1199; *Valdez v. Nat'l Retail Transp., Inc.*, CV 16-2057 DMG (AJWx), 2016 WL 2992489, at *3 (C.D. Cal. May 24, 2016). Simply put, the Ninth Circuit and district courts have considered and rejected Defendants' argument that Plaintiff's substantive rights are not granted by California state law. *See id.*

Moreover, Defendants implicitly acknowledge that Plaintiff's claims do not depend solely on the Parties' CBA. Defendants state that Plaintiff raised a facial attack on the Parties' CBA "for the first time" in the Joint Initial Status Conference Statement, (Opp'n at 3); this argument implies that Plaintiff's claims were based on California statutory law before Plaintiff raised the facial attack months into the litigation. For the foregoing reasons, the Court finds that Plaintiff's claims are "conferred upon [Plaintiff] by virtue of state law, not by a CBA." *Burnside,* 491 F.3d at 1059.

### 2. Whether Plaintiff's Causes of Action Necessitate an Analysis of the Parties' CBA

If a plaintiff's right "exists independently of the [collective bargaining-agreement]," then the court "must still consider whether it is nevertheless 'substantially dependent on analysis of a collective-bargaining agreement.'" *Burnside,* 491 F.3d at 1059 (citing *Caterpillar*, 482 U.S. at 394). A state law right depends on a collective bargaining agreement if the court must "interpret" the agreement, whereas the right is independent of the collective bargaining agreement if the court need only "look to" the agreement. *Id.* at 1060 (citing *Livadas*, 512 U.S. at 125). The Ninth Circuit has stated that "the 'look to'/'interpret' distinction is 'not always clear or amenable to a bright-line test.'" *Id.* (citing *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 689 (9th Cir. 2001)). But the Ninth Circuit has provided guidance to courts considering this question: "[I]n the context of § 301 complete preemption, the term 'interpret' is defined narrowly—it means something more than 'consider,' 'refer to,' or 'apply.'" *Kobold*, 832 F.3d at 1033 (internal quotation marks omitted) (quoting *Balcorta v. Twentieth Century–Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000)). Thus, to be preempted, Plaintiff's claims must depend on an interpretation of the Parties' CBA that involves an analysis more significant than merely referencing the agreement.

Case 2:16-cv-09484-BRO-GJS Document 20 Filed 02/22/17 Page 8 of 11 Page ID #:414

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-09484 BRO (GJS) | Date | February 22, 2017 |
|---|---|---|---|
| Title | **ANDRES SALAZAR V. CLOUGHERTY PACKING, LLC ET AL.** | | |

Defendants argue that Plaintiff's claims require an interpretation of the Parties' CBA . (Opp'n at 5–6.) Because Plaintiff facially attacks the Parties' CBA while arguing the merits of his five claims, Defendants assert that the Court must interpret the Parties' CBA "to analyze whether the [Parties' CBA] properly provided for meal and rest periods in accordance with California Law." (Opp'n at 7.)

To support this argument, Defendants rely upon *Ayala v. Destination Shuttle Servs.*, No. CV 13-6141 GAF (PJWx), 2013 WL 12092284, at *3 (C.D. Cal. Nov. 1, 2013). In *Ayala*, the plaintiff worked as a driver for defendants' shuttle company and sued the defendants for failing to provide meal and rest breaks. *Id.* at *1. The defendants removed the case to federal court based on federal question jurisdiction arguing that the plaintiff's claims depended on an interpretation of the CBA. *Id.* at *3. As stated above, California Labor Code § 512 requires employers to give employees a thirty-minute break if the employee works over five hours in a given day. *Id.* But Section 512(e) explicitly exempts "commercial drivers" from California's meal period requirements if the CBA covers the employee and the CBA contains certain detailed protections for the employee. *Id.* The court found that the plaintiff's claims required an analysis of the CBA to determine whether the plaintiff was a commercial driver protected by particular provisions in the CBA and thus exempted from California Labor Code § 512. *Id.* at *5.

Defendants' arguments are unpersuasive. Plaintiff's FAC makes clear that Plaintiff's claims can be completely adjudicated without interpreting the Parties' CBA. Plaintiff's FAC alleges that Plaintiff did not receive compliant meal periods, (FAC ¶ 57), and was not compensated for missed meal periods, (FAC ¶ 59). If true, these factual allegations establish that Defendants violated California Labor Code § 512(a) and do not require the Court to even reference the Parties' CBA. While Plaintiff states that Defendants maintained policies in the Parties' CBA that violated California's labor laws, Plaintiff's assertion does not depend on a rigorous analysis of the provisions in the Parties' CBA. Sections 1 and 2 in Article 9 of the Parties' CBA describe an employee's entitlement to, and the duration of, a break. (Opp'n at 2–3.) A court can readily determine the meal and break period provisions in the Parties' CBA by simply looking to to the relevant provisions without the need to interpret the agreement. *See Kobold*, 832 F.3d at 1033.

Case 2:16-cv-09484-BRO-GJS   Document 20   Filed 02/22/17   Page 9 of 11   Page ID #:415

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 16-09484 BRO (GJS)** | Date | February 22, 2017 |
|---|---|---|---|
| Title | **ANDRES SALAZAR V. CLOUGHERTY PACKING, LLC ET AL.** | | |

Defendants also argue that the Court must interpret the Parties' CBA "to analyze whether the [Parties' CBA] properly provided for meal and rest periods in accordance with California Law." (Opp'n at 7.) But Plaintiff's claims do not depend on whether the Parties' CBA provided for meal periods; rather, Plaintiff's claims allege that *Defendants* violated California labor laws by failing to provide the required breaks. As such, Defendants' alleged actions create the alleged liability independent of the Parties' CBA. The fact that the provisions in the Parties' CBA differ from California's labor laws does not require the Court to analyze the agreement—the provisions may serve as evidence of Plaintiff's argument that Defendants failed to abide by California's mandatory employment laws.

Further, Defendants' reliance on *Ayala* is misplaced. In *Ayala*, the court was required to interpret the CBA because that analysis was crucial to determining whether the plaintiff was exempted from California Labor Code § 512 for being a "commercial driver" protected by the CBA's provisions. *Ayala*, 2013 WL 12092284, at *3. Here, Defendants have not argued that a statute exempts Plaintiff from California Labor Code § 512.[4] Unlike the statute in *Ayala* that exempted commercial drivers dependent on the CBA's provisions, Defendants "never claimed that Plaintiff or the putative class members would fall within the exemptions set forth in Labor Code § 512(e)." (Reply at 4.) This difference is significant; without a similar statute, Plaintiff's claims do not require the Court to interpret the Parties' CBA.

Even assuming[5] Defendants had alleged that Plaintiff is exempted from § 512, the argument would fail in light of recent district court precedent from within the Circuit. In *Valdez*, 2016 WL 2992489, at *3, the court held that the plaintiff's claims were not preempted by § 301 of the LMRA. There, the plaintiff alleged (among other claims) that his former employer failed to compensate the employees for missed meal periods. *Id.* at *1. The court first established that the plaintiff's claims depended on state law rather

---

[4] California labor Code § 512(e) exempts certain employees from the requirements imposed by sections (a) and (b). Defendants, however, do not argue in Defendants' Opposition that Plaintiff waived his right to a meal period.

[5] Defendants may contend that they raised this argument by including it in the Joint Initial Status Conference Response Statement attached as Exhibit 1 to their Notice of Removal. (*See* Dkt. No. 1-1, Ex. 1 at 12.)

Case 2:16-cv-09484-BRO-GJS Document 20 Filed 02/22/17 Page 10 of 11 Page ID #:416

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 16-09484 BRO (GJS)** | Date | February 22, 2017 |
|---|---|---|---|
| Title | **ANDRES SALAZAR V. CLOUGHERTY PACKING, LLC ET AL.** | | |

than the CBA. *Id.* at *4. Next, the court analyzed whether the plaintiff's claims were substantially dependent on the parties' collective bargaining agreement. *Id.* at *4. The defendant argued that the court needed to analyze the CBA to determine whether the CBA provided the plaintiff with the rights specified in § 512(e) therefore exempting the plaintiff from § 512(a). *Id.* at *4. The court held that "[n]o 'interpretation' is needed of the CBA at issue—which is straightforward and clear—to determine whether it provides an employee with the rights listed in sections 512(e)." *Id.* (citing *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 954 (C.D. Cal. 2014)).

Here, even if the Court needed to determine whether Plaintiff is exempt pursuant to § 512(e), Plaintiff's meal break claim would not be preempted. Just like the provisions at issue in *Valdez* did not require an interpretation, Defendants fail to identify particular provisions in the Parties' CBA that are ambiguous and require the Court's analysis. Defendants reproduce the relevant Meal and Break Period provisions in the Opposition. (*See* Opp'n at 2.) This presentation is insufficient; Defendants suggest in a conclusory manner that Plaintiff's claims require interpretation of the Parties' CBA but fail to identify specific ambiguities. (*See* Opp'n at 5–6.) To the contrary: the Meal and Break Period provisions at issue in this case require little interpretation. (*See* Opp'n at 2.) In *Ayala*, the parties disputed the plaintiff's status as a commercial driver; but the parties here do not dispute Plaintiff's position. As such, unlike the court in *Ayala* that was required to interpret the CBA, the Court here does not need to interpret the Parties' CBA to resolve a similar ambiguity.

Importantly, other courts in this district have held that § 301 of the LMRA does not preempt a plaintiff's state law claims when the court must merely look to the CBA to determine whether § 512(e) exempts the plaintiff from § 512(a)'s requirements. *See, e.g., Vasserman*, 65 F. Supp. 3d at 956 (C.D. Cal. 2014) (holding that the CBA provisions at issue did not require an interpretation to determine whether the plaintiff was exempt by § 512(e) because the CBA was "straightforward and clear"); *Sanchez v. Calportland Co.*, No. 2:15-cv-07121-CAS-SHx, 2015 WL 6513640, at *4 (C.D. Cal. Oct. 26, 2015) (finding the claims were not preempted by the LMRA because the court did not need to interpret the CBA to determine if § 512(e) exempted the plaintiff from § 512(a)).

In sum, Defendants have not shown that resolution of Plaintiff's claims "would require interpretation, as opposed to application, of the CBA." *Castillo*, 132 F. Supp. 3d

| Case No. | **CV 16-09484 BRO (GJS)** | Date | February 22, 2017 |
|---|---|---|---|
| Title | **ANDRES SALAZAR V. CLOUGHERTY PACKING, LLC ET AL.** | | |

at 1201. Plaintiff's state law claims do not substantially depend on an analysis of the Parties' CBA. The facts alleged in the SAC are sufficient to adjudicate the claims without interpreting the Parties' CBA. To the extent that Plaintiff references the Parties' CBA, the court need merely look to the agreement's provisions. Thus, the Court does not have jurisdiction over this Action. Accordingly, the Court **GRANTS** Plaintiff's Motion and **REMANDS** the Action to Los Angeles Superior Court.

### B. Motion to Dismiss and Motion for Relief From Local Rule 23-3

Because the Court remands the Action to state court for lack of jurisdiction, Defendants' Motion to Dismiss is **DENIED as moot**. *See Johnson v. Sr. Living Mgmt. Inc.,* No. CV 15-02297 BRO (VBKx), 2015 WL 3830291, at * 9 (C.D. Cal. June 18, 2015) (granting remand and denying as moot motion to dismiss). Similarly, Plaintiff's Motion for Relief from Local Rule 23-3 is **DENIED as moot**.

### V. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has sufficiently established grounds for remand in this case. Therefore, the Court (1) **GRANTS** Plaintiff's Motion to Remand, and, (2) **DENIES as moot** Defendants' Motion to Dismiss and Plaintiff's Motion for Relief from Local Rule 23-3. The hearing scheduled for February 27, 2017 is hereby **VACATED**. This case is hereby **REMANDED** to the Los Angeles Superior Court, Central District.

**IT IS SO ORDERED.**                                                                                     :

|  | Initials of Preparer | rf |
|---|---|---|